UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAYDA BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: 2:20-cv-2292 |
| | ) |
| CITADEL HEALTHCARE a/k/a | ) |
| CITADEL CARE CENTER – | ) |
| KANKAKEE, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JAYDA BURT (hereinafter "Plaintiff" or "Burt"), and files her Complaint against Defendant, CITADEL HEALTHCARE a/k/a CITADEL CARE CENTER – KANKAKEE, LLC (hereinafter "Defendant" or "Citadel"), and in support she states the following:

**NATURE OF THE CLAIMS**

1.     This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, and retaliation against Plaintiff due to her sex, pregnancy, and use of protected medical leave leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the FMLA.

3. This Court has supplemental jurisdiction over the IHRA claims pursuant to 28 U.S.C. §1367, as this action also involves state law question regarding deprivation of Plaintiff's civil rights.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Burt, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois, residing in Kankakee County, Illinois.

6. Defendant, Citadel, is an Illinois LLC with its principal place of business in Morton Grove, Illinois.

7. Defendant does business and Plaintiff worked for Defendant in this judicial district at Defendant's 900 W. River Pl., Kankakee, Illinois location.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 25, 2020, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"),

against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, disability, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On July 23, 2020 the EEOC issued to Plaintiff a Notice of Right to Sue, upon Plaintiff's request.

13. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is a female.

15. Plaintiff is currently and has been employed by Defendant for approximately twelve (12) years and two (months).

16. Prior to Plaintiff's FMLA leave she was a full-time employee who regularly worked or exceeds forty hours per week and satisfactorily performs the requirements of her job.

17. In March 2019, Plaintiff informed Jennifer Wright, Administrator, that she was pregnant.

18. Plaintiff informed Defendant that her pregnancy was classified as "high-risk."

19. Subsequently, Plaintiff applied and was approved for protected maternity leave under the FMLA for the birth of her child.

20. Plaintiff's FMLA leave began on October 11, 2019.

21. At the time Plaintiff began her protected leave, she held the position of Restorative Nurse, a position with managerial duties including managing approximately 25 certified nursing assistants and creating new programs for Defendant's patients.

22. Upon Plaintiff's return to work, Defendant targeted her and treated her in a disparate and discriminatory manner.

23. Plaintiff returned to work on December 9, 2019.

24. Upon her return, Defendant failed to restore Plaintiff to the same position, Restorative Nurse, she held prior to hear leave or an equivalent position with respect to terms of pay, benefits, and working conditions.

25. Plaintiff was in fact notified that her position, Restorative Nurse, had been permanently filled by another employee, Tara C., while Plaintiff was on FMLA leave.

26. Further, when Plaintiff returned from FMLA leave, Defendant informed her that she would have to be paid from the company's "social service" budget, as her replacement was being paid as a Restorative Nurse.

27. On the same day that Plaintiff returned from leave, Ms. Wright informed Plaintiff that Defendant would have to "find [her] another position."

28. In the interim Plaintiff was assigned to various Floor Nurse roles which included dispensing medications and wound care only – noticeably absent are any managerial duties Plaintiff previously had.

29. Due to her sex, high-risk pregnancy, and her use of FMLA leave, there was an immediate and palpable negative shift in the work environment.

30. Just four weeks after Plaintiff's return to work, Defendant formally placed Plaintiff in a Floor Nurse role.

31. Plaintiff's discriminatory and retaliatory demotion was done outside of Defendant's typical progressive discipline policy as Plaintiff was not disciplined, coached, warned, or even aware of the demotion until she was placed on the schedule as a Floor Nurse.

32. Plaintiff's last write-up before her demotion was in January 2017. Defendant's demotion of Plaintiff, without warning, upon her return from FMLA illustrates Defendant's animus and pretext.

33. Plaintiff's demotion to Floor Nurse came with a reduction in pay, as well as the loss of managerial duties.

34. To further harass, discriminate, and retaliate against Plaintiff, Defendant significantly reduced her working hours.

35. Prior to utilizing her FMLA leave, Plaintiff consistently worked five days per week. After returning from leave, Plaintiff has been scheduled to work less than five days per week.

36. As a result, Plaintiff has earned approximately $600 to $700 less per pay cycle, and furthermore, Plaintiff no longer qualifies for benefits, including insurance coverage.

37. Similarly situated employees outside of Plaintiff's protected classes were not treated in the same manner as Plaintiff.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**Sex Based Discrimination, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended* by the Pregnancy Discrimination Act of 1978**

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

41. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female including pregnancy and maternity.

42. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

44. Defendant intentionally discriminated against Plaintiff on the basis of her sex including pregnancy and maternity.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count III:**
**Retaliation in Violation of Title VII**

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

48. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

49. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

50. Defendant's conduct violated Title VII.

51. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count VIII:
## Retaliation in Violation of the FMLA

53. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-39 above.

54. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

55. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

56. Plaintiff exercised or attempted to exercise her rights under the FMLA.

57. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

58. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

59. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count V:
## Sex and Pregnancy Based Discrimination in Violation of the IHRA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

55. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's pregnancy.

56. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

57. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's pregnancy.

58. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's pregnancy.

59. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

60. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count VII:
### Retaliation in Violation of the IHRA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

61. Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

62. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's sex and pregnancy.

63. Defendant's conduct violates the IHRA.

64. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

65. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

66. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)     Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

      c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 Ext. 106
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Attorney for Plaintiff*